UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT MICHAEL BAGETTA, et al.,

                Plaintiffs,                Case No. 1:07-cv-27

v.                                                  HON. JANET T. NEFF

PATRICIA CARUSO, et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by four state prisoners pursuant to 42 U.S.C. § 1983. This matter now is before the Court upon Plaintiff Bagetta's motion for reconsideration of the Court's order denying Plaintiffs' motion for temporary restraining order (docket #42) and Plaintiff Bagetta's "Motion of Retaliation from Defendants for a Temporary Restraining Order/Or Preliminary Injunction Order Requesting Immediate Consideration" (docket #59), which will be construed as a second motion for temporary restraining order (TRO). Defendants filed a response (docket #60) to Plaintiff Bagetta's second motion for TRO and Plaintiff Bagetta submitted a reply (docket #64).[1] For the reasons set forth below, Plaintiff's motions will be denied.

---

[1] While Plaintiff Bagetta signed the motions "on behalf of all Plaintiffs," he lacks standing to assert the constitutional rights of other prisoners. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). As a layman, Plaintiff may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners. *See O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F.Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F.Supp. 914, 918 (E.D. Pa. 1978). Accordingly, the Court will consider these motions as being filed only by Plaintiff Bagetta.

I.      **Motion for Reconsideration**

On May 30, 2007, the Court issued an order denying Plaintiffs' motion for TRO. In denying Plaintiffs' motion for TRO, the Court stated:

> In their complaint, Plaintiffs claim that the Michigan Department of Corrections has failed to comply with state law and department policy requiring smoke-free living units for nonsmoking prisoners. Plaintiffs made numerous complaints and filed grievances about the failure to enforce the smoking ban. On April 16, 2006, they sent Defendants a notice of intent to file a complaint if they did not comply with the law. On October 25, 2006, while Plaintiffs were sitting at a table in the day room at the E.C. Brooks Correctional Facility, Defendant Kanu came in and told the other prisoners in the day room "that Plaintiffs Bagetta, Maxon, Swiatkowski and other white guys sitting at the round table wants [sic] the rules, policies and laws enforced, so now this is why all your [sic] prisoners are receiving [misconduct] tickets." (Compl., 12.) Kanu also showed the prisoners the notice of intent that Plaintiffs had written to prison officials for not enforcing the laws, policies and rules regarding smoking. Plaintiffs further claim that on October 30, 2006, Kanu advised Plaintiff Bagetta's roommate that he should move out of that room, stating "in case something happens to Bagetta, I don't want to see you harmed." (Compl., 12.) Plaintiffs claims that on November 5, 2006, Kanu again came into the day room and told the prisoners that they all were getting misconduct tickets because "they [Plaintiffs] want me to do my job and enforce the rules."
>
> Plaintiffs claim that Kanu was acting in retaliation for their complaints and grievances about smoking in the housing units. They further allege that Kanu's statements created a hostile environment and placed them in imminent danger of assault by other prisoners. On November 1, 2006, Plaintiffs sent Defendants a written "Prior Warning of Danger" to notify them of the threats, retaliation and harassment by Defendant Kanu. Plaintiffs sent further correspondent to Defendants Berghuis and Smith on November 5, 2006, seeking transfer to other facilities for their protection. Plaintiffs claim that Defendants have ignored their communications and failed to protect them from Kanu and other prisoners.
>
> In their motion, Plaintiffs contend that without a TRO, they will "seriously suffer irreparable harm, from retaliation of harassment, and threats by defendants." Consequently, Plaintiffs seek an order requiring Defendants to immediately transfer each of the Plaintiffs and their property to another specified facility and to permit Plaintiffs to correspond with one another for purposes of this case. Plaintiffs further request the Court to . . .

\* \* \*

The purpose of a preliminary injunction is to preserve the positions of the parties until a case can be decided on the merits. *Six Clinics Holding Corp. II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). A preliminary injunction is an "extraordinary remedy" and should only be granted "if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't.*, 305 F.3d 566, 573 (6th Cir. 2002). When examining a motion for preliminary injunctive relief, the district court is required to balance the following four factors: (1) whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the plaintiff has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville*, 274 F.3d 377, 400 (6th Cir. 2001). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985). Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland,* 740 F.2d 432 at 438, n. 3, (6th Cir. 1984). *See also Harris v. Wilters,* 596 F.2d 678 (5th Cir. 1979).

To establish a likelihood of success on the merits, a plaintiff must show more than a mere possibility of success. *See Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 n.4 (6th Cir. 1977). The plaintiff must show a "strong" or "substantial" likelihood of success. *Summit County Democratic Cent. and Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004) (must show strong likelihood of success); *United States v. Holy Land Found.*, 445 F.3d 771, 790 (5th Cir. 2006) (standard is substantial likelihood of success on the merits). Plaintiff's liklehood of success on the merits is unclear. In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). It remains to be seen whether Plaintiffs' allegations are true and whether, if true, they rise to the level of a constitutional violation; therefore, the first factor, likely success on the merits, does not weigh in favor of granting a preliminary injunction.

Furthermore, Plaintiffs have failed to establish that they will suffer irreparable harm absent injunctive relief. Plaintiffs claim that they are in danger of assault by other prisoners; however, they do not allege one specific threat that they have received from another prisoner as a result of Officer Kanu's alleged conduct.

> Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson,* 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

(May 30, 2007 Ord., 2-5, docket #10) (footnote omitted).

Plaintiff Bagetta filed a motion for reconsideration on or about July 2, 2007, which the Court construed as a motion filed pursuant to FED. R. CIV. P. 60 (b).  A Rule 60(b) motion may be granted only for certain specified reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, mis-representation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

Plaintiff Bagetta is not entitled to relief for any of the reasons set forth in subsections (1)-(5).  Moreover, the Court finds that Plaintiff Bagetta has failed to demonstrate extraordinary circumstances.  Plaintiff argues for the first time in his motion for reconsideration and supporting declarations (docket #43) that he and the other Plaintiffs have been assaulted.  For example, Plaintiff Bagetta claims that he "has been assaulted four (4) times causing injury to his face, the eye, the nose and the last one by an object to the head."  (Mot. for Reconsid., 3, docket #42.)  Plaintiff, however, fails to allege any details of the alleged assaults.  He does not allege who assaulted him, when he was assaulted, where he was assaulted or how the alleged assaults are related to the instant action.

Plaintiff's allegations are far too vague to justify the extraordinary remedy that he seeks. Therefore, Plaintiff Bagetta's motion for reconsideration will be denied.

II. **Second Motion for TRO**

Plaintiff Bagetta now has filed a "Motion of Retaliation from Defendants for a Temporary Restraining Order/Or Preliminary Injunction Order Requesting Immediate Consideration" (docket #59). In his motion, Plaintiff makes the same type of allegations set forth in the previous motion for TRO and seeks a transfer to the Thumb, Macomb or Mound Correctional Facility, where he will be safe from retaliation by Defendant Kanu and can live in a tobacco-free housing unit. For the same reasons stated in the Court's previous opinion and order denying Plaintiffs motion for TRO, Plaintiff Bagetta's motion will be denied.

An Order consistent with this Opinion will be entered.


March 12, 2007  /s/ Janet T. Neff
Date  JANET T. NEFF
 United States District Judge