UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT MICHAEL BAGETTA, et al.,

        Plaintiffs,        Case No. 1:07-cv-27

v.        HON. JANET T. NEFF

PATRICIA CARUSO, et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by four state prisoners pursuant to 42 U.S.C. § 1983.  On July 12, 2007, Defendants filed a motion to dismiss Plaintiffs' complaint for improper service pursuant to FED. R. CIV. P. 12(b)(6) and 41(b) (docket #48).  Plaintiffs filed a response in opposition to the motion (docket #56) and Defendants filed a reply (docket #62).  For the reasons set forth below, the motion will be denied as to all Defendants, except Mary Jane Munday, who will be dismissed from this action without prejudice.

## Factual Allegations

On May 21, 2007, the Court issued an order for service of the complaint against the named Defendants.  Because the Plaintiffs paid the filing fee and were not proceeding *in forma pauperis*, the Court instructed the Clerk of the Court to issue summons and send them to Plaintiffs for purposes of service upon Defendants.  The Court further stated that, "because Plaintiffs are not proceeding *in forma pauperis* in this action, they are responsible for service of summons and complaint upon Defendants.  *See* FED. R. CIV. P. 4."

Plaintiff Bagetta claims that he served summons and complaint by regular U.S. mail to Defendants at their last known addresses. For Defendants Caruso and Straub, Plaintiff mailed summons and complaint to MDOC headquarters in Lansing. For Defendant Wolfe, Plaintiff mailed summons and complaint to the Riverside Correctional Facility. Plaintiff attempted to serve Defendants Berghuis, R. Smith, B. Smith, D'Epifanio, Minnerick, Munday and Kanu by mailing summons and complaint to the E.C. Brooks Correctional Facility where they are employed.

Defendants state that the facility litigation coordinator typically will accept *proper* service for Michigan Department of Corrections employees at that facility. On June 5, 2007, the litigation coordinator at the E.C. Brooks and West Shoreline Correctional Facilities sent Plaintiff Bagetta a letter notifying him that he could not accept service on behalf of Ms. Munday because she was on extended leave and her return date was unknown. (*See* Defendants' Ex. 1, Letter to Bagetta, docket #49-3.) Nevertheless, Plaintiff Bagetta filed a return of service on June 6, 2007 (docket #16), stating that Defendant Munday had been served.

The Attorney General entered an appearance on behalf of all of the Defendants (dockets #24, 28), except Defendant Munday. On July 5, 2007, all of the Defendants appearing in the case filed as their first responsive pleading a motion for summary judgment on the ground that Plaintiffs failed to exhaust their administrative remedies. Defendants filed the instant motion a week later.

**Discussion**

Defendants maintain that Plaintiffs' action should be dismissed for failure to effect proper service of process upon them. Under FED. R. CIV. P. 4(c), service may be effected "by any person who is not a party and who is at least 18 years of age." Rule 4(e) further provides that service must be made (1) pursuant to the law of the state in which the district is located or (2) by

delivering a copy of the summons and complaint to the individual personally.  Michigan law also requires that process must be made by an adult who is not a party to the case.  MICH. CT. R. 2.103(A).  Under Michigan law, process may be served personally or by registered or certified mail, return receipt requested.  MICH. CT. R. 2.105.  Thus, Plaintiffs failed to properly effect service in this case both because service was made by a party and was neither made personally nor by registered or certified mail.

"Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ir. Ltd., v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703 (1982).  To this end, FED.R.CIV.P. 12(h)(1) provides that a defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived if it is neither made by motion under Rule 12 nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.  Rule 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction, venue or service of process."  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (3d ed. 2004).  These defenses must be raised "at the time the first significant defensive move is made-whether it be by way of a Rule 12 motion or in a responsive pleading."  *Id.; Rates Technology Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1307 (C.A. Fed. 2005); *see also American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000) ("A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under FED. R. CIV. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived."); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 42 (1st Cir. 2003) (defendants waived the defense of lack of personal jurisdiction under Rule 12(h)(1) because their answer, filed prior to their motion to dismiss, failed to object to personal jurisdiction).

In this case, the Attorney General entered an appearances on behalf of all of the named Defendants (dockets #24, 28), except for Defendant Munday. On July 5, 2007, all of the Defendants appearing in the case filed as their first responsive pleading a motion for summary judgment on the ground that Plaintiffs failed to exhaust their administrative remedies. Defendants filed the instant motion a week later, on July 12, 2007. Under Rule 12(h), these Defendants submitted themselves to the jurisdiction of the Court and waived their defense by filing their motion for summary judgment. *See Vax-D Medical Technologies, LLC v. Texas Spine Medical Center*, 485 F.3d 593, 597 (11th Cir. 2007) ("By submitting an answer and participating in discovery, defendants submitted themselves to the jurisdiction of the district court and waived any defense to improper service of process or lack of personal jurisdiction"); *Ahern v. Neve*, 285 F. Supp.2d 317, 320-21 (E.D.N.Y. 2003) (Defendants waived their right to assert lack of jurisdiction defense based on insufficient service of process in citizen's action brought under § 1983 where defendants failed to assert the defense of improper service in their answer, participated in the case for more than two years before raising the defense, and brought a prior motion for summary judgment in which they did not raise defense of insufficient service or lack or personal jurisdiction); *International Broth. of Boilermakers, Iron Shipbuilders, Forgers and Blacksmiths Local Lodge No. 582 v. Delta Southern Co., Inc.*, 602 F. Supp. 625, 631 (D.C. La. 1985) (company's argument that court lacked jurisdiction over person of company due to union's failure to effect service of process on appropriate party was waived by company when it filed a motion for summary judgment). Because Defendants Caruso, Straub, Wolfe, Berghuis, R. Smith, B. Smith, D'Epifanio, Minnerick and Kanu waived their defense, their motion will be denied.

Defendant Munday, however, never entered an appearance in this case and is not a party to the motion for summary judgment; therefore, she did not waiver her defense. Service of the

summons and complaint must be made within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). The time may be extended if a plaintiff shows good cause for failure to timely serve. FED. R. CIV. P. 4(m). Plaintiffs filed the complaint on January 10, 2007, thus service should have been properly accomplished on or before May 10, 2007. Plaintiff Bagetta admits that he made no further attempt to serve Defendant Munday because the only address he had for her was at the E.C. Brooks Correctional Facility. Because Plaintiffs failed to file a motion or otherwise seek the Court's assistance in effecting service upon Defendant Munday after the litigation coordinator refused service, the Court cannot find good cause for Plaintiffs' failure to timely serve her. Accordingly, the Court will grant Defendants' motion as to Defendant Munday and she will be dismissed from this action without prejudice.

       An Order consistent with this Opinion will be entered.


March 12, 2008                                                                                   /s/ Janet T. Neff
Date                                                                                     JANET T. NEFF
                                                                                           United States District Judge